**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| Todd Allen J., | Case No. 2:25-cv-01940-NJK |
| Plaintiff(s), | **ORDER** |
| v. | [Docket No. 15] |
| Frank Bisignano, | |
| Defendant(s). | |

Pending before the Court is the parties' stipulation for Plaintiff to recover $3,400 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), as well as to recover costs. Docket No. 15.

"Although Plaintiff's fee request is not opposed, the Court has an independent obligation to review the reasonableness of the fee award." *Candy R. v. Bisignano*, 2025 WL 3173894, at *1 (D. Nev. Nov. 12, 2025) (collecting cases). Fees awarded under the EAJA are determined based on the lodestar approach, except that the hourly rates are capped unless the Court in its discretion determines otherwise. *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012); *see also* 28 U.S.C. § 2412(d)(2)(A). Supporting the hourly rate for lodestar purposes requires the presentation of evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The Ninth Circuit has held that "rate determinations in other cases [in that community], particularly those setting a rate for the [specific] attorney[s]" at issue, provide satisfactory evidence as to the prevailing hourly rate. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). The Court may also rely on its own familiarity with the prevailing rates. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

1

Ninth Circuit precedent makes plain that time spent by a paralegal on clerical matters is part of a law firm's overhead and is not recoverable under the EAJA. *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009).[1] By seeking to recover for paralegal time on admittedly clerical work, *see* Docket No. 15-2, Plaintiff is inviting legal error. In addition, paralegal hourly rates being requested must be supported by a proper showing as to the prevailing rate in the community for similar services. *See, e.g.*, *Nadarajah*, 569 F.3d at 918 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). Plentiful case law in this District finds that paralegal work in the social security context generally fetches $100 in this community. *See, e.g.*, *Myra A. v. Comm'r of Soc. Sec.*, 2024 WL 3071150, at *2 (D. Nev. June 20, 2024); *Barnett v. Kijakazi*, 2022 WL 17668043, at *4 (D. Nev. Dec. 13, 2022); *Gibson v. Kijakazi*, 2022 WL 125316, at *3 (D. Nev. Jan. 12, 2022). The instant stipulation seeks to recover for non-clerical paralegal work at nearly double that rate, but that request is supported by case law outside the social security context and *ipse dixit* that paralegal rates for social security plaintiffs "should always rest on the upper end of the range cited" in those non-social security cases. Docket No. 15 at 6.

In short, the pending stipulation seeks to recover at an hourly rate for paralegal clerical work in contravention of Ninth Circuit law and seeks to recover for paralegal non-clerical work at a rate that is not properly supported. Accordingly, the stipulation for EAJA fees is **DENIED** without prejudice. Any renewed request must be filed by April 13, 2026. That request must either seek a lower fee award in light of the concerns above[2] or must provide robust explanation as to how a higher amount is properly recoverable.

IT IS SO ORDERED

Dated: March 30, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] "[C]ourts should reduce the hours requested" accordingly. *Nadarajah*, 569 F.3d at 921.

[2] It would appear by the Court's math that accounting for these concerns with the paralegal fees, the lodestar would amount to $3,241.52.